# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Armstrong Flooring, Inc., *et al.*,[1]<br>          Debtors. | Chapter 7<br><br>Case No.: 22-10426 (MFW)<br>(Jointly Administered) |
| Alfred T. Giuliano, Chapter 7 Trustee for the Estate of Armstrong Flooring, Inc.,<br>          Plaintiff,<br>vs.<br>Flexport, Inc.,<br>          Defendant. | **Obj. Deadline: May 6, 2025, at 4:00 p.m. (ET)**<br>**Hrg. Date:  May 28, 2025, at 2:00 p.m. (ET)**<br><br>Adv. No.: 24-50062 |

## PLAINTIFF'S FOURTH MOTION FOR AN ORDER APPROVING SETTLEMENT OF AN AVOIDANCE ACTION PURSUANT TO FED. R. BANKR. P. 9019

   Alfred T. Giuliano, Chapter 7 Trustee for the Estate of Armstrong Flooring, Inc., (the "Trustee" or "Plaintiff") by and through his undersigned counsel, hereby files this *Fourth Motion for an Order Approving Settlement of An Avoidance Action Pursuant to Fed. R. Bankr. P. 9019* (the "Motion").  In further support of the Motion, the Trustee respectfully represents as follows:

### JURISDICTION

   1.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

   2.  Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective tax identification numbers, are as follows: Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A).

3. The predicates for the relief sought herein are 11 U.S.C. §§ 105 and 363(b) and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On May 8, 2022 (the "Petition Date"), each of the Debtors[2] commenced a voluntary case under chapter 11 of the Bankruptcy Code.

5. On May 11, 2022, the Court entered an order authorizing the joint administration of the chapter 11 cases for procedural purposes pursuant to Bankruptcy Rule 1015(b) [D.I. 88].[3]

6. On November 1, 2022, the Court entered an order authorizing the employment of ASK LLP as special counsel to pursue avoidance actions (the "Avoidance Actions") on behalf of the Debtors. [D.I. 960].

7. On November 21, 2022, the Court entered an order approving procedures for the settlement and notice of the Avoidance Actions brought by the Debtors (the "Settlement Procedures Order"). [D.I. 1005]. Pursuant to the Settlement Procedures Order, Avoidance Actions against insiders or those with a gross amounts demanded greater than $750,000.00 are subject to the motion requirements of Bankruptcy Rule 9019, while Avoidance Actions with smaller gross amounts demanded against non-insiders are subject to notice of settlement procedures.

8. On April 17, 2023, an order was entered by the Court converting the Debtors' chapter 11 cases to cases under chapter 7. [D.I. 1352].

9. On April 17, 2023, the Trustee was appointed as chapter 7 trustee of the Debtors' estates pursuant to section 701(a) of the Bankruptcy Code (the "Appointment"). [Bankr. D.I.

---

[2] The Debtors are the entities listed in footnote 1.

[3] All docket items referenced are from Case No. 22-10426, under which the Debtors' bankruptcy cases are jointly administered.

1355]. Pursuant to the Appointment, the Settlement Procedures Order, and sections 542–550 and 704(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the Trustee is authorized and has standing to investigate, pursue, commence, prosecute, compromise, settle, or otherwise resolve certain causes of action under chapter 5 of the Bankruptcy Code, including the Avoidance Actions previously initiated by the Debtors.

10. On June 5, 2023, the Court entered an order authorizing the employment of ASK LLP as special counsel to pursue (or continue to pursue, as applicable) Avoidance Actions on behalf of the Trustee. [D.I. 1417].

11. The Trustee has retained ASK LLP to continue and/or initiate the process of sending demand letters, filing adversary proceedings, and negotiating settlements (subject to Court approval if required under the Settlement Procedures Order) with entities that received payments in the 90-day period prior to the Petition Date, as well as those that received post-petition transfers that may be subject to turnover.

12. In accordance with his duties under the Bankruptcy Code, the Trustee has reviewed the Debtors' financial books and records and investigated the estates' causes of action to avoid transfers pursuant and/or recover property of their estates pursuant to sections 542 through 550 of the Bankruptcy Code.

13. The Trustee has settled, subject to Bankruptcy Court approval, Avoidance Action against **one (1)** defendant (the "Defendant"). A list containing the name of the Defendant, the gross amount demanded from the Defendant, the amount paid or to be paid by the Defendant to the Trustee in settlement of the Avoidance Action, and a rationale for the settlement is attached hereto as **Exhibit A**.

14. To date, the Trustee has not obtained Bankruptcy Court approval for the settlement of the Avoidance Action listed on **Exhibit A** attached hereto.

### RELIEF REQUESTED

15. By this Motion, the Trustee seeks approval of the settlements of the Avoidance Action listed on **Exhibit A** attached hereto pursuant to Bankruptcy Rule 9019. Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

16. The Trustee is obligated to maximize the value of the estates and make decisions in the best interests of all creditors of the estates. *Id.* at 394. The Trustee believes, in his business judgment, the settlement of the Avoidance Action against the Defendant listed on **Exhibit A** hereto is in the best interests of the estates and all creditors, especially in light of the cost, uncertainty, and delay of litigation. Courts generally defer to a plaintiff's business judgment when there is a legitimate business justification for the plaintiff's decision. *Id.* at 395.

17. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id.* at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id.*

18. A review of the four factors from *Martin* demonstrates that the settlement of each

Avoidance Action against the applicable Defendant is: (i) in the best interests of the estate and all of the creditors; (ii) reasonable; and (iii) within the Trustee's sound business judgment. The Trustee agreed to each proposed settlement based on a variety of factors, including potential defenses to underlying claims. The Trustee believes the proposed settlements are well within the range of reasonableness and in the best interests of the Debtors' estates. The settlement of the Avoidance Action will eliminate the potentially high costs of litigation and the uncertainty of success in light of the possible defenses.

19. The Trustee respectfully represents that the compromise reached with each Defendant is fair, reasonable, and in the best interest of the creditors and the Debtors' estates. The Trustee likewise believes each proposed settlement is fair and equitable, and founded on the exercise of sound business judgment by the Trustee. Each settlement results in a payment being made to the estates and the release by the Defendant of such claims that such entity may have against the Trustee and the Debtors' estates, in consideration for a release by the Trustee of the claim able to be asserted against Defendant in the Avoidance Action, without the Trustee expending significant estate resources litigating such claims.

## NOTICE

20. Notice of this Motion, together with a copy of the Motion, has been given to (i) United States Trustee for the District of Delaware, (ii) the Defendant, and (iii) all parties that have requested such notice pursuant to Bankruptcy Rule 2002 as of this date. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice need be given.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter the attached proposed order granting the Plaintiff's Motion approving the settlements of the Avoidances Action

against the Defendant set forth on <u>Exhibit A</u> attached hereto; and granting such other and further relief as the Court deems just and equitable.

Dated: April 22, 2025　　　　　　　　**PACHULSKI STANG ZIEHL & JONES LLP**

　　　　　　　　By: /s/ *Peter J. Keane*
　　　　　　　　Bradford J. Sandler (DE Bar No. 4142)
　　　　　　　　Peter J. Keane (DE Bar No. 5503)
　　　　　　　　Edward A. Corma (DE Bar No. 6718)
　　　　　　　　919 N. Market Street, 17th Floor
　　　　　　　　P.O. Box 8705
　　　　　　　　Wilmington, DE 19899 (Courier 19801)
　　　　　　　　Telephone: (302) 652-4100
　　　　　　　　Facsimile: (302) 652-4400
　　　　　　　　Email:　　bsandler@pszjlaw.com
　　　　　　　　　　　　　pkeane@pszjlaw.com
　　　　　　　　　　　　　ecorma@pszjlaw.com

　　　　　　　　*-and-*

　　　　　　　　**ASK LLP**
　　　　　　　　Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
　　　　　　　　Kara E. Casteel, Esq., MN SBN 0389115
　　　　　　　　2600 Eagan Woods Drive, Suite 400
　　　　　　　　St. Paul, MN  55121
　　　　　　　　Telephone: (651) 289-3846
　　　　　　　　Email: kcasteel@askllp.com

　　　　　　　　*-and-*

　　　　　　　　Edward E. Neiger, Esq.
　　　　　　　　60 East 42nd Street, 46th Floor
　　　　　　　　New York, NY  10165
　　　　　　　　Telephone: (212) 267-7342

　　　　　　　　*Counsel for Plaintiff, Chapter 7 Trustee*